940 F.2d 665
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Steven S. CANNADAY, Plaintiff-Appellant,
v.
Randy GIBAS and James Holzer, Defendants-Appellees.
 No. 90-3102.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 25, 1991.*
Decided Aug. 6, 1991.
 
 Before BAUER, Chief Judge, and FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Steven Cannaday filed an action under 42 U.S.C. Sec. 1983 alleging that defendants violated his fourth amendment right to be free from an unreasonable search and seizure. The district court denied leave to proceed in forma pauperis because it found that the action was barred by the doctrine of collateral estoppel.
 
 
 2
 Cannaday alleged in his complaint that defendants conspired to provide false information to the magistrate in order to pursue an illegal search warrant for Cannaday's residence. That warrant was executed, and the officers found illegal drugs, weapons and a large amount of cash at the Cannaday residence. The district court denied ifp status in this Sec. 1983 case based on collateral estoppel because Cannaday had apparently raised a fourth amendment challenge in a motion to suppress that evidence in his criminal proceeding.
 
 
 3
 The Supreme Court has held that ifp status should be denied only if there is no arguable basis in law or fact for the claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In this case, our review is made nearly impossible by the absence of any evidence in the record concerning the prior criminal proceeding. The only evidence in the record concerning the motion to suppress was supplied by Cannaday as an appendix to his notice of appeal. The documents supplied by Cannaday do not indicate whether an evidentiary hearing was held on his motion to suppress, although they indicate that similar issues were raised in the criminal proceeding. The district court could not have relied on those documents in its decision, because they were not before the court at the time that the court denied ifp.
 
 
 4
 The district court undoubtedly had knowledge of the prior criminal proceeding that does not appear in the record, but we cannot rely on that likelihood in determining the correctness of the decision. Therefore, absent some evidence in the record of the prior criminal proceeding, the court erred in relying on collateral estoppel to find that Cannaday had no basis in law or fact for his claim.
 
 
 5
 Even considering the documents submitted by Cannaday as part of his notice of appeal, we still could not conclude that collateral estoppel would prevent litigation of the claim. Before invoking collateral estoppel, the court must first determine:
 
 
 6
 whether the issue sought to be concluded is the same as that involved in the prior action; was litigated in the prior action; was in fact judicially determined in the prior action; and whether the judgment in the prior action was dependent upon the determination made of the issue.
 
 
 7
 Whitley v. Seibel, 676 F.2d 245, 248 (7th Cir.1982), quoting 1B Moore's Federal Practice, p 0.443 (1965) (footnotes omitted). The record in this case fails to demonstrate conclusively that the issue involved in this case is the same as that involved in the criminal proceeding. More importantly, the record casts some doubt on "whether the judgment in the prior action was dependent upon the determination made of the issue." As was mentioned, the motion to suppress addressed the illegal search of the residence. The drug and firearms charges, however, eventually were dropped and Cannaday pleaded guilty only to the charge of assaulting a federal officer. The legality of the search is seemingly irrelevant to that charge. Therefore, the record indicates that the issue raised in the motion to suppress may not have been necessary to the judgment of guilt entered by the court.
 
 
 8
 Given these questions regarding the applicability of collateral estoppel in this situation and the sparse nature of the record, the district court erred in denying ifp status on this claim. Accordingly, the decision of the district court is VACATED and the case REMANDED for further proceedings.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record